## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Lisa L. Meredith, | ) | NO.: 10-54925 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on the 9th day of January, 2017 at 9:00 a.m., an attorney from the undersigned law firm shall appear before the Honorable Judge Jacqueline P. Cox in Courtroom 680 of the United States Courthouse located in the Everett McKinley Dirksen Building at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached Motion for Sanctions.

/s/ Lorraine M. Greenberg
Lorraine M Greenberg

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she served this Notice of Motion and the Motion for Sanctions and the Proposed Order by causing a copy of each to be filed with the CM/ECF System maintained by the Clerk of the U.S. Bankruptcy for the Northern District of Illinois on the 29th day of December, 2016 and by placing a copy of each in an enveloped addressed to all interested parties as set forth on the attached Service List, First Class postage prepaid, and placing same in the U.S. Mail at Chicago, Illinois on the 29th day of December, 2016.

/s/ Lorraine M. Greenberg
Lorraine M Greenberg

Lorraine M. Greenberg
Attorney for Debtor
150 North Michigan Avenue, Suite 800
Chicago, Illinois 60601
(312) 588-3330
ARDC No. 3129023

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Lisa L. Meredith, | ) | NO.: 10-54925 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

### MOTION TO FOR SANCTIONS

NOW COMES the Debtor, by and through her attorney, LORRAINE M. GREENBERG, and for her Motion for Sanctions against Nationstar Mortgage, LLC states as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1334 (b) and this motion is a "core proceeding" under 28 U.S.C. § 157 (b) (2) (A).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408 (1).

### FACTUAL AND PROCEDURAL BACKGROUND

3. On December 13, 2010 the Debtor commenced the above-captioned case by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code. 4. The Debtor has fully complied with the terms of the confirmed Plan and the case has been closed with a Discharge being entered.

5. Prior to the entry of the Discharge Order, the Trustee filed a Notice of Final Cure of Mortgage Payment pursuant to Bankruptcy Rule 3002.1. See Exhibit "A" attached hereto and incorporated herein. This was with respect to the servicer for the primary lienholder on Debtor's principal residence, to wit: Nationstar Mortgage, LLC.

6. Nationstar Mortgage, LLC filed a Response to the Notice of Cure Payment as a supplement to its proof of claim, alleging a significant post-petition deficiency. See Exhibit "B"

attached hereto and incorporated herein.

7. The Debtor, by her counsel, then filed a Motion to Determine Final Cure and Mortgage Payment pursuant to Bankruptcy Rule 3002.1. See Exhibit "C" attached hereto and incorporated herein.

8. Nationstar Mortgage, LLC failed to respond to the Motion to Determine Final Cure, and after several attempts at providing notice to Nationstar and its counsel of record, the Court entered an Order granting Debtor's Motion to Determine Cure. See Exhibit "D" attached hereto. The Order provides *inter alia* that "the Debtor is found to be current and reinstated on the secured post-petition claim of said creditor through and including the date of the entry of this Order", i.e. July 18, 2016. The Order further provided that "the Creditor and its assigns are hereby forever barred from seeking to collect any indebtedness stemming from the course of the bankruptcy proceeding, ...unless specifically approved by the Bankruptcy Court.

9. In violation of the Order of this Court as set forth in Exhibit "D", Nationstar Mortgage, LLC has attempted to collect from the Debtor certain sums arising from post-petition payments which arose during the term of the Chapter 13 Plan. See Exhibit "E" attached hereto and incorporated herein.

10. The original proof of claim, claim number 6-1, was originally filed in the name of Aurora Loan Services, LLC and was transferred to Nationstar Mortgage, LLC on or about August 1, 2012. In violation of Bankruptcy Rule 3002.1(b), Nationstar Mortgage, LLC failed to notify the Debtor of any escrow account changes during the pendency of the bankruptcy case, yet is now attempting to collect the escrow shortages. This is also in violation of the Court's Order dated July 18, 2016.

11. Debtor claims that the parties entered into a formal modification of the original note in 2014 and that she has been paying Nationstar Mortgage, LLC in accordance with that

modification agreement.

12. These collection attempts by Nationstar and its apparent total disregard of this Court's Order of July 18, 2016, have caused Debtor significant emotional distress. Shortly after receiving her Chapter 13 Discharge, and after being in compliance with the loan modification agreement, she has been threatened with foreclosure of her home.

## RELIEF REQUESTED

13. Debtor seeks an Order from this Court finding Nationstar Mortgage, LLC in contempt for its willful violation of this Court's July 18, 2016 order and the discharge injunction, and awarding Debtor damages, including actual damages, attorneys fees as well as damages for her emotional distress and punitive damages.

## BASIS FOR RELIEF

14. The bankruptcy code in 11 U.S.C. §524(a)(2) provides that a discharge in a case under this title "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the Debtor.

15. Section 105(a) of the Bankruptcy Code provides as follows: "The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

16. Pursuant to Section 105(a) of the Bankruptcy Code, the Bankruptcy Court has the equitable power to enforce and remedy violation of substantive provisions of the Code, including violations of the discharge injunction in Section 524(a)(2). Cox v. Zale Del., Inc., 239 F.3d

910, 916-917 (7th Cir. 2001).

17. An award of punitive damages for violation of the discharge injunction is appropriate upon a showing the "the conduct in question is willful and egregious, or when the defendant acted with 'knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so.'"  See Wells Fargo Bank, N.A. v. Jones, 391 B.R. 577, 608 (E.D. La. 2008), citing In re Jones, 2007 WL 2480494, at *4 (Bankr.E.D.La. 2007).

18. Bankruptcy Rule 3002.1 provides *inter alia* that:

> (I) Failure to Notify. If the holder of a claim fails to provide any information as required by subdivision (b), ©, or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>
> > 1. (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> >
> > (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

19. Nationstar Mortgage, LLC failed to provide Debtor with the information required by Bankruptcy Rule 3002.1(b) or © or (g).  As no relief from the automatic stay was obtained by Nationstar Mortgage, LLC in the bankruptcy case, it was required to comply with each of these sections of Rule 3002.1.

20. Bankruptcy Rule 3002.1(b) requires the holder of a claim secured by Debtor's principal residence to file and serve notice of any payment change, due to escrow changes or otherwise.  No such notice was filed or served during the Debtor's Chapter 13 case.

21. Bankruptcy Rule 3002.1© requires the holder of a claim secured by Debtor's principal residence to file and serve  notice of any fees or charges incurred after the bankruptcy case was filed and recoverable against the Debtor or her residence within 180 days of incurring

the fee or charge.   No such notice was filed or served during the Debtor's Chapter 13 case.

22. Bankruptcy Rule 3002.1(g) requires the holder of a claim secured by Debtor's principal residence to file and serve a Response to the Notice of Final Cure, filed by the Trustee. While Nationstar did file a Response to the Trustee's Notice of Final Cure, it failed to respond in writing and failed to appear before the Court in response to Debtor's Motion to Determine Cure which led this Court to enter its Order dated July 18, 2016 finding that Debtor was fully current in her post-petition obligations to Nationstar Mortgage, LLC and barring Nationstar Mortgage LLC from any attempts to collect from Debtor any amount allegedly due Nationstar Mortgage LLC as of the date of this Court's Order.

23. It is inconceivable that a sophisticated entity such as Nationstar Mortgage, LLC cannot easily and readily comply with the Bankruptcy Rules and the Discharge Injunction unless it acts with a complete and utter disregard for the Rules and the provisions of the Bankruptcy Code and this Court's Order.

WHEREFORE, the Debtor, Lisa L. Meredith, moves this Honorable Court for the entry of an Order granting the following relief:

A. Finding Nationstar Mortgage, LLC in contempt of court for violation of the Discharge Injunction;

B. Requiring Nationstar Mortgage, LLC to pay Debtor's actual damages, including ' damages for her emotional distress, and any out of pocket expenses, including but not limited to lost wages and mileage to meet with her attorney;

C. Requiring Nationstar Mortgage, LLC to pay a reasonable amount for Debtor's attorneys fees and court costs for bringing this Motion and the Motion to Determine Cure and the fees and costs incurred to reopen the Chapter 13 case;

D. Requiring Nationstar Mortgage, LLC to pay punitive damages to Debtor in an

amount that exceeds $75,000.00; and

    E.    Any and all relief this Court deems necessary and just.

        Respectfully submitted,

        Lisa L. Meredith

    BY:    /s/ Lorraine M. Greenberg
        Lorraine M. Greenberg

Lorraine M. Greenberg
Attorney for Debtor
150 North Michigan Avenue, Suite 800
Chicago, Illinois 60601
(312) 588-3330
ARDC NO.: 3129023